IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **PHILLIP C. STACY, Individually and as Administrator of the Estate of Judith A. Stacy, deceased,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **CIVIL ACTION NO. 5:18-CV-283 (MTT)** |
| **NAHEED AKHTAR, *et al.*,** | ) ) ) | |
| **Defendants.** | ) ) ) | |

## ORDER

The Defendants move for leave to file an amended answer to raise, for the first time, the defense of Plaintiff Phillip Stacy's contributory negligence.  For the following reasons, that motion (Doc. 30) is **DENIED**.

Stacy alleges that on June 30, 2017, he was involved in a collision which left his car disabled in the middle lane of a three-lane interstate.  Doc. 1 ¶ 10.  He alleges that Judith Stacy, who was Phillip's wife, and their children exited the vehicle to cross the interstate and that, while crossing, Judith was fatally struck by a commercial truck driven by Defendant Karamjeet Singh.  *Id.* ¶¶ 11-14.

In their answer, the Defendants raised as a defense the contributory negligence of Judith Stacy.  Doc. 7 at 1-2.  Discovery commenced in October 2018 and ended on February 16, 2020.  Docs. 12; 22.  On February 19, 2020, the Defendants filed a document titled "Amended Answer," though the scheduling order's deadline for amending pleadings was October 25, 2019.  Docs. 22 ¶ 5; 24.  On March 17, 2020, the Defendants filed a motion for leave to amend.

Federal Rule of Civil Procedure 16 controls when a motion to amend a pleading is filed after the scheduling order deadline. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("because Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)."). "Under Rule 16, scheduling orders may be modified only for good cause, and only when the schedule cannot be met despite the diligence of the party seeking the extension." *Pinero v. 4800 W. Flagler L.L.C.*, 430 F. App'x 866, 869 (11th Cir. 2011) (internal quotation marks omitted) (citing *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's notes)). The burden to establish good cause is on the moving party. *Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1366 (11th Cir. 2007).

Once good cause is shown under Rule 16, the Court will consider whether leave should be granted under Rule 15. *Id.* Rule 15(a)(2) states that leave to amend should be "freely give[n] . . . when justice so requires." The Court "need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Therefore, the Court must find a justifiable reason to deny a request for leave to amend. *Forman*, 371 U.S. at 182. "The decision whether to grant leave to amend a [pleading] is within the sole discretion of the district court." *Laurie v. Ala. Ct. of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001).

The Court, therefore, begins by considering Rule 16's good-cause standard, and it is clear the Defendants have not met that standard.  The parties do not address Rule 16's good-cause standard, but instead argue Rule 15's more lenient standard.  Doc. 30.  However, it is clear the Defendants have failed to show good cause.  Their only argument that amendment is proper is that Stacy will not be prejudiced because "Plaintiff was on notice from early in the case that losing control of his vehicle, and thus his contributory negligence, was a relevant issue in this case."  Doc. 30 ¶ 8.  But if the potential relevance of Phillip Stacy's actions was readily apparent from early in the litigation, then the Defendants should have raised their contributory negligence defense within the time allowed by the scheduling order.  The Defendants failed to show that the schedule could not have been met despite their diligence and have not shown good cause for modifying the scheduling order to permit amendment.

Even if the Defendants had shown good cause, they have not shown amendment is proper under Rule 15.  First, as noted, the Defendants provided no explanation for their failure to seek leave to amend earlier, so there appears to have been "undue delay."  *Bryant*, 252 F.3d at 1163.  Second, Stacy would likely be prejudiced by the late amendment.  Stacy had no opportunity to conduct discovery on issues related to his alleged contributory negligence, including finding and deposing witnesses to that earlier accident, finding expert opinions on the earlier accident, and exploring issues related to the potential negligence of a merging vehicle which, Stacy argues, caused his crash.  *See* Doc. 34 at 5-6.  The Defendants suggest that Stacy could have anticipated that affirmative defense and should have prepared for it.  Doc. 30 ¶ 8.  But the burden is on

the Defendants to raise an affirmative defense based on that accident, not on Stacy to anticipate it.

For the reasons stated, the Defendants' motion for leave to amend (Doc. 30) is **DENIED**.  Additionally, Stacy moved to strike the contributory negligence defense raised in the Defendants' proposed amended answer.  Because the Defendants' motion for leave to amend is denied, Stacy's motion to strike (Doc. 25) is **DENIED as moot**.

**SO ORDERED**, this 19th day of May, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT